UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARLENE WHALEY and
JAIME BLANTON,

    Plaintiffs,

vs.

CASE NO: 3:12cv-549 M

DTB OF LOUISVILLE, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Darlene Whaley and Jaime Blanton ("Plaintiffs") by and through the undersigned counsel, hereby file this Complaint and sue DTB of Louisville, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Kentucky pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

3. Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.

1

Whaley suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is an amputee who requires the use of a wheelchair for mobility. Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this matter on or about March 28, 2012, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Whaley travels to Louisville, Kentucky frequently to visit with friends who reside there and maintains a bank account in Louisville, Kentucky for convenience given the frequency of her visits. Whaley continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. Plaintiff, Jaime Blanton (hereinafter referred to as "Blanton") is a resident of the State of Texas and is a qualified individual with a disability under the ADA. Blanton suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires the use of a wheelchair for mobility. Prior to instituting the instant action, Blanton visited the Defendant's premises at issue in this matter on or about March 27, 2012, and was denied full, safe and equal access to the subject property due to the lack of compliance with the ADA. Blanton is a former resident of Louisville, Kentucky who returns frequently to visit friends and family. Blanton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

5. The Defendant, DTB of Louisville, Inc., is a corporation registered to do business and, in fact, conducting business in the State of Kentucky. Upon information and belief, DTB of

2

Louisville, Inc. (hereinafter referred to as "DTB") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Bearno's Little Sicily restaurant located at 131 W. Main Street in Louisville, Kentucky (hereinafter referred to as the "Restaurant").

6. All events giving rise to this lawsuit occurred in the Western District of Kentucky.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by DTB is a place of public accommodation in that it is a restaurant that is owned and operated by a private entity and that provide goods and services to the public.

9. Defendant, DTB has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by DTB. Prior to the filing of this lawsuit, Plaintiffs visited the Restaurant at issue in this lawsuit on separate occasions and were denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. Plaintiff, Whaley visited the subject property on or about March 28, 2012 and Plaintiff Blanton visited the subject property on or about March 27, 2012.

In addition, Plaintiffs continue to desire and intend to visit the Restaurant in the future, but continue to be injured in that they are unable to and continue to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Plaintiffs have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. DTB is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations:

(i) There are stairs at the main entrance with no signage provided indicating the location of an accessible entrance;

(ii) Plaintiffs were brought in through a rear entrance that required each to travel through the kitchen;

(iii) There is a change in level at the rear entrance and no accessible ramp is provided at this entrance either; rather Defendant offered a piece of plywood as a ramp which resulted in excessive slope and provided no edge protection;

(iv) Plaintiffs Blanton was segregated from other patrons by being seated in an otherwise closed portion of the restaurant;

(v) Accessible signage is not provided at the toilet rooms;

(vi) A wheelchair accessible toilet stall is not provided;

(vii) Knee and toe clearance is not provided at the pedestal lavatory provided in the toilet rooms;

(viii) The mirror at the lavatory in the toilet rooms is too high for a wheelchair user.

13. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by DTB which were not specifically identified herein as the

Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, DTB was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, DTB has failed to comply with this mandate.

16. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have their reasonable attorney's fees, costs and expenses paid by DTB pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against DTB of Louisville, Inc. and request the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake

and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 31st day of August 2012.

Respectfully submitted,

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:   (205) 822-2702
Email: ezwilling@szalaw.com


/s/ Jerry N. Higgins
Jerry N Higgins, Esquire
Law Office of Jerry N. Higgins, PLLC
Kentucky Bar: 90310
3426 Paoli Pike
Floyds Knobs, IN  47119
(502) 625-3065-Telephone
(502) 625-7264-Facsimile
Email: jnh@jerryhigginslaw.com